UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN HADEN,

         Plaintiff,

v.

KEVIN CHAPELL, et al.,

         Defendants.

Case No. C 13-5512 KAW (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Steven Haden, a state prisoner incarcerated at San Quentin State Prison ("SQSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by the warden and medical staff at SQSP. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

I.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II. Plaintiff's Claims

Plaintiff sues Warden Kevin Chappell, Andrew Deems, CEO, Health Care Services and four other individuals on the medical staff at SQSP. Plaintiff alleges that Defendants "have individually and or in collusion, willfully and knowingly, violated my right to adequate medical care, by deliberate indifference, refusing to provide expert diagnosis, treatment and prognosis in regards to a chronic gastrointestinal problem, and frequent, painful bouts of constipation and bloating from gas." Comp. at 3.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *McGuckin*, 974 F.2d at 1060. Deliberate indifference may be shown when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown in the way in which they provide medical care. *Id.* at 1062.

Liberally construed, Plaintiff's allegations of his gastrointestinal condition meets the first *Farmer* requirement of showing a serious medical need. However, because Plaintiff's complaint lacks allegations regarding any Defendant's actions in relation to his serious medical need, his complaint fails to show that any Defendant acted with deliberate indifference. Accordingly, this claim is dismissed with leave to amend to provide allegations demonstrating Defendants acted with deliberate indifference to Plaintiff's serious medical needs.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within twenty-eight (28) days of the date this

3

1  Order is filed and must include the caption and civil case number used in this order and the words
2  AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces
3  the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik*
4  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the
5  original complaint by reference. Failure to amend within the designated time will result in the
6  dismissal of this action.

7  2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
8  informed of any change of address by filing a separate paper with the clerk headed "Notice of
9  Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so
10 may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil
11 Procedure 41(b).

12 IT IS SO ORDERED.

14 Dated: 3/19/14

KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE